**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **No. 3:03cr333-3** |
| : | **No. 3:07cv287** |
| : | **(Judge Munley)** |
| **v.** | |
| **LYDIA COOPER,** | |
| **Defendant** | |

**MEMORANDUM**

_____Before the court for disposition is Defendant Lydia Cooper's
(hereinafter "defendant") motion pursuant to 28 U.S.C. § 2255 to vacate,
set aside, or correct sentence by a person in federal custody.  The matter
has been fully briefed and is ripe for disposition.

**Background**

        Defendant pled guilty to conspiracy to distribute and possess with
intent to distribute cocaine base (crack) in violation of 21 U.S.C. § 846 on
September 2, 2004 (Doc. 170).[1]  The court on January 31, 2005,
sentenced petitioner to 105 months of incarceration.  (Doc. 316).
Petitioner appealed her sentence to Third Circuit Court of Appeals.  (Doc.
324, Notice of Appeal).  The Third Circuit affirmed the judgment of this
court on October 19, 2005.  (Doc. 413).  The court issued its mandate on
April 24, 2006.  (Doc. 414).   On February 13, 2007, petitioner filed the
instant motion to vacate, set aside, or correct sentence under 28 U.S.C. §
2255.  (Doc. 443).  We issued an order directing petitioner to execute a
notice of election pursuant to United States v. Miller, 197 F.3d 644, 652 (3d
Cir. 1999).  (Doc. 444).  Petitioner never returned the notice of election,

---

[1]Document numbers refer to docket entries in case number
3:03cr333.

and therefore, we indicated that we would rule upon the motion as filed and
ordered the government to file a response.  (Doc. 448).  The government
filed its response on August 23, 2007, and the petitioner filed her reply brief
on December 3, 2007.  (Doc. 461, Doc. 466).  The matter is thus ripe for
disposition.

**Standard of review**

Defendant moves for relief under 28 U.S.C. § 2255, which reads in
relevant part:

> A prisoner in custody under sentence of a
> court established by Act of Congress claiming the
> right to be released upon the ground that the
> sentence was imposed in violation of the
> Constitution or laws of the United States, or that the
> court was without jurisdiction to impose such
> sentence, or that the sentence was in excess of the
> maximum authorized by law, or is otherwise subject
> to collateral attack, may move the court which
> imposed the sentence to vacate, set aside or
> correct the sentence.
>
> ...
>
> Unless the motion and the files and records of the
> case conclusively show that the prisoner is entitled
> to no relief, the court shall cause notice thereof to
> be served upon the United States attorney, grant a
> prompt hearing thereon, determine the issues and
> make findings of fact and conclusions of law with
> respect thereto.

28 U.S.C. § 2255.

Defendant raises seven (7) issues.  They are: 1) Was defendant
erroneously sentenced as a career offender? 2) Was counsel ineffective
for failing to conduct a factual inquiry that would have shown that the
defendant's prior convictions are "related" under the United States
Sentencing Guidelines?  3) Was counsel ineffective for abandoning the
argument that defendant was clearly not a career offender?   4) Was

2

counsel ineffective for failing to realize that prior convictions were "related" under the United States Sentencing Guidelines?  5) Did defendants' sentence violate the prohibition of cruel and unusual punishment under the Eight Amendment of the Constitution? 6) Is the defendant's sentence harsh and extremely excessive under the nature and circumstances of the case and pursuant to the United States Supreme Court's ruling in United States v. Booker? 7) Is defendant entitled to the appointment of counsel?

**Claims 1, 4, 5 & 6**

The government first argues that defendant's first, fourth, fifth and sixth claims should be denied as they are procedurally defaulted.

The United States Supreme Court has "strictly limited the circumstances under which a guilty plea may be attacked on collateral review." Bousley v. United States, 523 U.S. 614, 621 (1998).  A section 2255 motion is not to be used as a substitute for a direct appeal.  United States v. Frady, 456 U.S. 152, 165 (1982).  If a federal prisoner did not raise a claim on direct appeal, for purposes of collateral attack that issue is considered "procedurally defaulted"   A procedurally defaulted claim cannot be raised in a section 2255 motion unless the defendant can demonstrate: 1) "cause" excusing the default and actual prejudice or 2) actual innocence.  Bousley, at 622.

In the instant case, defendant raised two issues on direct appeal. She asserted that her sentence was unreasonable under United States v. Booker, and she challenged this court's failure to depart downward under United States Sentencing Guideline ("U.S.S.G.") § 4A1.3.  United States v. Cooper, 437 F.3d 324, 325 (3d Cir. 2006).   These are the only two issues that are not procedurally defaulted.

3

The first issue raised by the defendant is that she was erroneously sentenced as a career offender.  This claim was not raised in the direct appeal.  In fact, the Third Circuit specifically noted that this claim was not raised on appeal.  Id. at n.1.  As this claim is procedurally defaulted, we cannot properly address it unless defendant establishes cause and prejudice or actual innocence.  Defendant does not address any of these issues in her brief.  Thus, this claim will be denied as procedurally barred.

Likewise, defendant's fourth claim addresses the issue of whether defendant is a career offender.  This claim is also procedurally defaulted and denied.

Defendant's fifth claim is that her sentence violates the Eighth Amendment's prohibition of cruel and unusual punishment.  This claim was not raised on direct appeal and is procedurally defaulted.  Defendant has not established cause and prejudice or actual innocence.  Therefore, this claim will be denied.

The sixth claim raised by the defendant is that the United States Sentencing Guidelines are unconstitutional in that they violate equal protection, due process and cruel and unusual punishment.  This claim is also procedurally defaulted as it was not raised by the defendant in her direct appeal.  She has not established cause and prejudice or actual innocence. This claim will thus be denied.[2]

---

[2]In her original motion, plaintiff sets forth her sixth claim as we have related it in the body of the memorandum.  In her reply to the government's response to her motion, she states that her claim is that the sentence is in violation of United States v. Booker.  As plaintiff did not raise this issue in her petition we need not address it.  Regardless, the claim is patently without merit.  This issue was addressed directly by the Third Circuit in

4

**Claim 2 and Claim 3**

Defendant's second claim is that trial counsel was ineffective for failing to conduct a factual inquiry that would have shown that the defendants prior convictions are "related" under the United States Sentencing Guidelines.  The defendant's third claim is that counsel was ineffective for abandoning the argument that she could not legally be classified as a career offender.[3]

_____

defendant's direct appeal.  The court held:

> In this case, the District Court imposed a sentence at the highest end of the guidelines range, 105 months. Cooper has not met her burden on appeal of proving the sentence was unreasonable.FN11 The court addressed the § 3553(a) factors and found "that the sentence to be imposed is reasonable in light of these considerations." More importantly, the District Court appropriately addressed Cooper's argument that her sentence was excessive considering her minimal criminal history compared to those of other, similarly sentenced defendants. The court rejected this contention, citing the serious nature of Cooper's crimes, the effect of her conduct on the public, and that she was "treated well" at her prior sentencing hearing. It is reasonable to conclude that her criminal history category correctly reflected the actual seriousness of her conduct.

United States v. Cooper, 437 F.3d 324, 332 (3d Cir. 2006).  Thus, even if defendant properly had raised this issue in her motion, it would lack merit and be denied.

[3]At sentencing, defense counsel did object to defendant's classification as a career offender.  (Doc. 341, Sentencing Transcript, p. 3).

Claims of ineffectiveness of counsel can be raised in a collateral proceeding such as this section 2255 action.  United States v. DeRewal, 10 F.3d 100, 103-104 (3d Cir. 1993) (explaining that to proceed with an issue in a section 2255 motion a defendant is not required to show "cause and prejudice" with respect to a failure to raise his ineffective assistance of counsel claim on direct appeal).  Thus, we will address defendant's claims of ineffectiveness.

A two-part test for judging ineffectiveness of counsel claims was developed by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Id. at 687; Flamer v. State of Delaware, 68 F.3d 710, 727-28 (3d Cir. 1995).   There must be proof that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms.  Id. at 728.  The second prong of the ineffectiveness of counsel claim is that the petitioner must establish that counsel's ineffectiveness was prejudicial.  Id. at 728.

We must be highly deferential to counsel's decisions as there is a strong presumption that counsel's performance was reasonable. Strickland v. Washington, 466 U.S. at 689.  "The defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"U.S. v. Kauffman, 109 F.3d 186, 189 (3d Cir. 1997) (quoting Strickland, 466 U.S. at 689).  Moreover, the Third Circuit Court of Appeals has held that: "It is only the rare claim of ineffective assistance of counsel that should succeed under the properly

deferential standard to be applied in scrutinizing counsel's performance." Id. at 190 (quoting United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989)).

In the instant case, the government argues that counsel's representation did not fall below an objective standard of reasonableness because the position that defendant now takes is without merit.  According to the facts in the record, the defendant was properly deemed a career criminal.  After a careful review, we agree.

This issue is governed by the "Career Offender" section of the Guidelines, specifically, section 4B1.1.  "Section 4B1.1 of the Sentencing Guidelines directs the sentencing court to impose enhanced terms of imprisonment upon defendants who have been convicted of violent or controlled substances offenses, and who previously incurred two or more felony convictions for either crimes of violence or drug trafficking."  United States v. Beckett, 208 F.3d 140, 146 (3d Cir. 2000).[4]  In order to count as a prior felony conviction, each conviction mut be separate from other prior convictions.  U.S.S.G. § 4A1.2(a)(2) (explaining that "[prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence.")   If these elements are met, the defendant is considered a "career offender." Section 4B1.1.

_____

[4]In pertinent part, section 4B1.1 provides: "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is . . . a controlled substance offense; and (3) the defendant has at least two prior felony convictions of . . . a controlled substance offense."

7

In the instant case, it is uncontested that the defendant had two prior drug trafficking convictions.  The two prior convictions, however, according to the defendant, were part of related cases and therefore, her sentence should not have been enhanced under Section 4B1.1.  In order to determine when two convictions result from "related" cases, we turn to the notes of the Sentencing Guidelines.  Application Note 3 to Section 4A1.2 states:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest ( i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

Therefore, if the defendant is arrested for the first offense prior to committing the second, the prior sentences are **not** related.  Id.  In the instant case, it is not disputed that defendant was first arrested on April 28, 1989 for delivering .39 grams of cocaine to an undercover state trooper.  The events leading to that arrest occurred on November 14, 1989.  (See Doc. 443, Defendant's 2255 Motion at  8).   Petitioner's second arrest was on May 24, 1989, where she was charged with possession of twenty-two (22) packets of cocaine with intent to distribute.  (Id.).  On the date of this arrest, the police executed a search warrant at a room at motel in Kingston, Pennsylvania, where they found the defendant, her boyfriend and their two-year old daughter along with 22 packages of cocaine and drug paraphernalia. (Presentence Investigation Report at ¶ 58).  Thus, this second offense was committed after defendant had been arrested for the first offense.

8

Accordingly, the first phrase of Note 3 applies: "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e. the defendant is arrested for the first offense prior to the committing the second offense)."  The offenses are considered separate for purposes of determining career criminal status because a defendant who engages in serious criminal conduct after being "called to account" for a prior serious offense is considered less likely to change her ways. <u>United States v. Springs</u>, 17 F.3d 192, 196 (7th Cir. 1994) *cited with approval in* <u>United States v. Cashwell</u>, 66 Fed. Appx. 441 (3d Cir. 2003).

Therefore, it was not an error for the court to enhance the defendant's sentence based upon her status as a "career criminal" and defendant's attorney was not ineffective for failing to investigate the facts of the prior convictions and not ineffective for failing to pursue this issue on appeal.

**Claim 7**

The final issue raised by the defendant is a request that counsel be appointed for her.   The law provides that if an evidentiary hearing is warranted with regard to a section 2255 motion, the judge must appoint an attorney to represent a petitioner  who qualifies to have counsel appointed under 18 U.S.C.  sec 3006A.    Section 2255 motions. <u>See</u>, Rule 8(c) of the Rules Governing Section 2255 cases; 28 U.S.C. foll. § 2255.  In the instant case, no need exists for an evidentiary hearing.  Plaintiff's claims do not have any arguable merit, and she has demonstrated the ability to present her claims herself and cite relevant authority.  Thus,  we decline to appoint counsel for the defendant.

**Conclusion**

9

For the foregoing reasons, we will deny the defendant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No. 3:03cr333-3** |
| | : | **No. 3:07cv287** |
| | : | **(Judge Munley)** |
| **v.** | : | |
| **LYDIA COOPER,** | : | |
| **Defendant** | : | |

## ORDER

_____**AND NOW**, to wit, this 15th day of May 2008, Defendant Lydia Cooper's motion to vacate, set aside or correct sentence (Doc. 443) is hereby **DENIED**.

Further, we decline to issue a certificate of appealability.  A certificate of appealability  may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).  Based upon the reasoning in the accompanying memorandum, we decline to issue a certificate of appealability.  <u>See</u> 28 U.S.C. § 2253(c) and 3d Cir. LAR. 22.2.

The Clerk of Court is directed to close case number 3:07cv287.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**